# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　　v.<br>JOSE MENDOZA-VELASQUEZ,<br><br>　　　　　　Defendant. | CASE NO. 18cr3211 - BTM<br><br>order |

HAYES, Judge:

The matter before the Court is Defendant's motion for bail review (ECF No. 14).

## FACTUAL BACKGROUND

On March 20, 2018, Defendant was arrested by the San Diego Police Department and booked into county jail. A deportation officer with Immigration and Customs Enforcement (ICE) determined the Defendant was a citizen of Mexico previously ordered removed by an Immigration Judge on March 15, 2004.

On March 24, 2018, ICE officers became aware that Defendant would be released from the county jail. At approximately 2:30 a.m., ICE officers observed an individual matching Defendant's description exit the county jail. The officers identified themselves as police and asked Defendant to state his name. After confirming Defendant's identity, the officers told him to turn around and to place his hands behind his back. Defendant initially complied and turned around. Before the officers could place handcuffs on the Defendant, Defendant ran away before the officers could

1 apprehend him. The officer chased the Defendant but he escaped apprehension.[1]

On March 29, 2018, Plaintiff United States charged Defendant with Deported Alien found in the United States via criminal complaint.

On June 15, 2018, Defendant was arrested and made his initial appearance.

On June 19, 2018, a detention hearing was held before Magistrate Judge Gallo. Plaintiff United States moved to detain the Defendant. At the conclusion of the hearing, the Court set bail at $20,000 cash or corporate surety bond.

On July 2, 2018, Defendant moved this Court to review the bail. Defendant asserts that his family is unable to afford the bond and that the bond is excessive. Defendant requests that the Court set the bond at $5,000 personal appearance bond secured by the signature of two financially responsible adults. The Government opposes on the grounds that Defendant is a legitimate flight risk and
 that no combination of conditions will secure his appearance at future hearings.

On July 20, 2018, an Information was filed and the case was assigned to United States District Judge Barry T. Moskowitz. (ECF No. 20, 22)

On July 23, 2018, this Court held a hearing to review Defendant's request for review bail. (ECF No. 24).

## RULING OF THE COURT

The Bail Reform Act of 1984 permits pretrial detention of a defendant only where it is demonstrated either that there is a risk of flight or no assurance that release is consistent with the safety of another person or community. 18 U.S.C. § 3142 *et seq*. The evidence in the record must establish the risk of flight by a clear preponderance of the evidence and must demonstrate that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if released on bond. *See United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985). This Court reviews the evidence "de novo" and makes its own determination

---

[1] These facts were not contested by the Defendant at the hearing before this Court on July 23, 2018.

whether to modify the detention order. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir.1990). The Court takes into account all available information concerning the factors set forth in § 3142(g) in determining whether there are conditions of release that will reasonable assure the appearance of the Defendant including the nature and circumstances of the offense charged, the weight of the evidence, and the history and characteristics of the Defendant. The weight of the evidence is the least important of the various factors, but it is a factor to be considered under §3142(g)(2). *See United States v. Honeyman,* 470 F.2d 473, 474 (9th Cir. 1972).

The Court has reviewed the evidence de novo including the filings of the parties, the transcript of the proceeding in front of the Magistrate Judge, and the facts agreed to by Defendant at the bail review hearing. This is a charge that involves a willful return to the United States after physical removal and flight from law enforcement during an attempt to arrest Defendant in this case. The Court concludes that no combination of conditions will reasonably assure his appearance at future hearings in this case.

The motion for bail review (ECF No. 23) is granted and the Defendant is ordered detained.

DATED: July 30, 2018

**WILLIAM Q. HAYES**
United States District Judge